UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-15 (NEB/TNL)

UNITED STATES OF AMERICA,

Plaintiff,

v.

IKRAM YUSUF MOHAMED, *et al.*,

Defendants.

**GOVERNMENT'S MOTION TO
DESIGNATE CASE AS
COMPLEX UNDER THE
SPEEDY TRIAL ACT**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Joseph H. Thompson, Harry M. Jacobs, Chelsea A. Walcker, Matthew S. Ebert, and Joseph S. Teirab, Assistant United States Attorneys, respectfully moves the Court for an order designating the above-captioned matter as a complex case for purposes of the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(7)(B)(ii) and (iv). The grounds for this motion are as follows:

1.     On September 13, 2022, a federal grand jury returned a series of six indictments charging 44 defendants with conspiracy to commit wire fraud, wire fraud, conspiracy to commit federal programs bribery, federal programs bribery, conspiracy to commit money laundering, and money laundering, in violation of 18 U.S.C. §§ 371, 666, 1343, 1956, and 1957. *United States v. Abdiaziz Shafii Farah, et al.*, 22 CR 124 (NEB/TNL) (8 defendants); *United States v. Liban Yasin Alishire, et al.*, 22 CR 222 (NEB/TNL) (3 defendants); *United States v. Aimee Marie Bock, et al.*, 22 CR 223 (NEB/TNL) (14 defendants); *United States v. Qamar Ahmed Hassan, et al.*, 22 CR 224 (NEB/TNL) (8 defendants); *United States v. Sharmake Jama, et al.*, 22

CR 225 (NEB/TNL) (6 defendants); and *United States v. Haji Osman Salad, et al.*, 22 CR 226 (NEB/TNL) (5 defendants). That same week, three additional defendants were charged by information with conspiracy to commit wire fraud. *United States v. Hanna Marakegn*, 22 CR 236 (NEB); *United States v. Bekam Adissu Merdassa*, 22 CR 237 (NEB); and *United States v. Hadith Yusuf Ahmed*, 22 CR 238 (NEB).

2.     On October 18, 2022, two additional defendants (Mekfira Hussein and Abduljabar Hussein) were charged with conspiracy to commit wire fraud, wire fraud, conspiracy to commit federal programs bribery, federal programs bribery, conspiracy to commit money laundering, and money laundering, in violation of 18 U.S.C. §§ 371, 666, 1343, 1956, and 1957. *United States v. Mekfira Hussein, et al.*, 22 CR 277 (NEB/TNL).  On October 19, 2022, Defendant Abduljabar Hussein made an initial appearance in 22 CR 277 (NEB/TNL).  (ECF No. 25.)  Thereafter, on October 24, 2022, the Court issued an Arraignment Notice and Case Management Order setting forth various due dates for pretrial filings.  (ECF No. 33.)

3.     All of these cases, along with the present indictment, relate to the investigation of a massive fraudulent scheme to obtain and misappropriate more than $250 million in federal child nutrition program funds. The indictment charges the defendants with fraudulently obtaining, misappropriating, and laundering millions of dollars in program funds that were intended as reimbursements for the cost of serving meals to children. The defendants exploited changes in the program intended to ensure underserved children received adequate nutrition during the Covid-19 pandemic. Rather than feed children, the defendants took advantage of the Covid-19 pandemic—and the resulting program changes—to enrich themselves by

fraudulently misappropriating millions of dollars in federal child nutrition program funds.

4.    Across these cases, the indictments charge that Feeding Our Future employees recruited individuals and entities to open Federal Child Nutrition Program sites throughout the state of Minnesota. These sites, created and operated by the defendants and others, fraudulently claimed to be serving meals to thousands of children a day within just days or weeks of being formed. The defendants created dozens of shell companies to enroll in the program as Federal Child Nutrition Program sites. To carry out the scheme, the defendants also created and submitted false documentation. They submitted fraudulent meal count sheets purporting to document the number of children and meals served at each site. The defendants also submitted false invoices purporting to document the purchase of food to be served to children at the sites. The defendants also submitted fake attendance rosters purporting to list the names and ages of the children receiving meals at the sites each day.

5.    Discovery in these case will be extensive. During the course of this investigation, the grand jury issued more than 750 subpoenas. The responses to these subpoenas include financial statements and other records for hundreds of bank accounts and credit card merchant accounts. The government interviewed hundreds of witnesses and individuals involved in the fraud scheme, and will be producing hundreds of reports documenting those interviews. The government obtained and executed physical search warrants for 32 businesses and residences. During these searches, the government seized approximately 380 electronic devices, including

computers, laptops, and cell phones. The government also obtained warrants to search more than 45 email accounts, through which the government obtained more than 250,000 emails relevant to the investigation. In all, the government will be producing millions of pages of discovery.

6.     The Speedy Trial Act requires that trial begin within 70 days after a defendant is charged or makes an initial appearance unless the running of the time is stopped for reasons set out in the statute. *See* 18 U.S.C. § 3161; *United States v. Lucas*, 499 F.3d 769, 782 (8th Cir. 2007). Periods of delay caused by pretrial motions are excluded from the calculation of this 70-day time frame, as are continuances granted by the court in order to best serve "the ends of justice." *United States v. Shepard*, 462 F.3d 847, 863 (8th Cir. 2006).

7.     Under Section 3161(h)(7)(B)(ii), the court may continue proceedings beyond the time limits established by the Speedy Trial Act if the court finds "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself." Even if a case is not so unusual or complex as to fall within clause (ii), section 3161(h)(7)(B)(iv) permits a continuance where the failure to do so "would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

8.     Local Rule 12.1 sets forth time periods for discovery disclosures, filing of pretrial motions, and motions hearings. Under the local rules, to the extent practicable, the government shall produce discovery within 7 days of arraignment, defendants shall produce reciprocal discovery within 14 days of arraignment, and the parties shall file pretrial motions within 21 days of arraignment. D. Minn. L.R. 12.1(a)-(c).

9.     Given the complexity of the cases and the volume of discovery the government will produce, the Court previously entered orders in response to the government's respective motions in *United States v. Abdiaziz Shafii Farah, et al.*, 22 CR 124 (NEB/TNL); *United States v. Liban Yasin Alishire, et al.*, 22 CR 222 (NEB/TNL); *United States v. Aimee Marie Bock, et al.*, 22 CR 223 (NEB/TNL); *United States v. Qamar Ahmed Hassan, et al.*, 22 CR 224 (NEB/TNL); *United States v. Sharmake Jama, et al.*, 22 CR 225 (NEB/TNL); and *United States v. Haji Osman Salad, et al.*, 22 CR 226 (NEB/TNL), which:  (1) designated the cases as "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii); (2) struck the deadlines previously set forth in the Court's arraignment orders; (3) set November 4, 2022, as the deadline for the parties to meet and confer to submit a proposed case management schedule for the completion of pretrial proceedings to be followed subsequently by a separate case management order from the Court. *See, e.g.,* ECF No. 40, *United States v. Haji Osman Salad, et al.*, 22 CR 226 (NEB/TNL).

10.    Like the other related cases, this case is also unusual and complex in that the indicted conduct is the result of a year-long investigation that gathered millions of pages of documents and hundreds of computers and other electronic

devices. This matter will require extensive document and evidence review and preparation, such that it is unreasonable to expect adequate preparation under the standard scheduling order, and for the trial, within the time limits of the Speedy Trial Act or the time limits as typically set by this Court. Therefore, an exclusion of time under 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv) is likewise warranted in this case, as it was so warranted with the other related cases.

WHEREFORE, the government respectfully requests that the Court designate this case complex under 18 U.S.C. §§ 3161(h)(7)(B)(ii) and (iv), and exclude the time period from September 23, 2022, to March 23, 2023, from any computation of time under the Speedy Trial Act. The government further requests that, following the appearances of the defendants in this District, the Court issue a case management order setting out the dates for disclosure of Rule 16 materials, the filing of motions and responses, a motions hearing date, and a trial date, enlarging the time periods typically contemplated in the local rules in this complex case.

Dated: February 9, 2024                          Respectfully Submitted,

                                                 ANDREW M. LUGER
                                                 United States Attorney

                                                 /s/ *Harry M. Jacobs*
                                     BY:   JOSEPH H. THOMPSON
                                           HARRY M. JACOBS
                                           CHELSEA A. WALCKER
                                           MATTHEW S. EBERT
                                           Assistant United States Attorneys