UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 24-cr-15 (NEB-DTS)

_____

UNITED STATES OF AMERICA,

   -against-

IKRAM YUSUF MOHAMED,
SULEMAN YUSUF MOHAMED,
AISHA HASSAN HUSSEIN,
SAHRA SHARIF OSMAN,
SHAKUR ABDINUR ABDISALAM.
FADUMO NOHAMED YUSUF, AND
GANDI YUSUF MOHAMED,
 also known "Gandi Abdi Kediye,"

   *Defendants*

_____

## DEFENDANT IKRAM YUSUF MOHAMED'S
## OBJECTIONS TO ORDER & REPORT AND RECOMMENDATION

Defendant Ikram Yusuf Mohamed, through her attorneys, and pursuant to Federal Rules of Criminal Procedure 59(a) and (b) and Local Rules 72.2(a) and (b), respectfully objects to the Order & the Report and Recommendation (hereinafter "Order and R&R") of United States Magistrate Judge David Schultz, dated February 2, 2026, denying Ms. Mohamed's Motion to Suppress Evidence Obtained by Search and Seizure and for Franks Hearing to the extent Ms. Mohamed sought a Franks hearing, and to the recommendation to deny Ms. Mohamed's motion to the extent she sought suppression of email search-warrant evidence.  See ECF Document Nos. 257 and 258.[1]  Ms. Mohamed hereby

---

[1] Ms. Ikram's objections apply to both ECF Document No. 257 and ECF Document No. 258, which appear identical.

incorporates by reference her motions and accompanying filings on these issues, specifically, ECF Document Nos. 188-191.

First, Ms. Mohamed objects to the finding that the search-warrant affidavit offers sufficient factual support to conclude that she and her family "knowingly caused the submission of false claims for reimbursement." Order and R&R at 12. Ms. Mohamed has argued that the factual assertions in support of probable cause were minimal, at best, and that the search-warrant affidavit improperly relied on conclusory allegations, inuendo, and speculation. See ECF Document No. 188 at 2-7.

Ms. Mohamed also specifically objects to the findings that the search-warrant affidavit properly relied on information provided by a government informant, Order and R&R at 13, notwithstanding the unreliability of that information, ECF Document No. 188 at 3-4; and that the search-warrant affidavit contains "more than enough facts to establish probable cause without relying on the tip." See Order & R&R at 13.

In addition, in addressing Ms. Mohamed's arguments that the search-warrant affidavit's repeated characterization of payments to her as "kickbacks" is conclusory, the Order and R&R simply references the affiant's reliance upon payments being "funneled" to conclude that the payments, "regardless of how [they are] characterized" are facts supporting probable cause. Order and R&R at 14. This reasoning is circular. Without articulating the specific facts that could render a payment a kickback, the government's assertion is, by definition, conclusory and is thus inadequate to establish probable cause. See ECF Document No. 188 at 4-5. In addition, Ms. Mohamed objects to the Order and

R&R's finding that the allegations that Star Distribution was an entity used for fraud were not conclusory, see Order and R&R at 14, given that that the Order & R&R itself found that the allegations alone "might be conclusory" see id., and given that the additional detail upon which it relies to conclude that those statements are not conclusory is itself speculative and proffered without consideration of the full context, including substantial payments by Star Distribution to Afro Produce, Afrique Hospitality, Costco, and Sam's Club. See ECF Document No. 188 at 5-7.

Second, Ms. Mohamed objects to the conclusion that none of the false representations or material omissions outlined in her motion, see ECF Document No. 188 at 8-25, passes either the first requirement ("that the affidavit contained a false statement (or omission) made either knowingly or with reckless disregard for the truth") or the second requirement (that "with the false statement corrected and missing information inserted, the affidavit no longer establishes probable cause for the search") for entitlement to a Franks hearing. Order and R&R at 20-28, 29-30 (citing United States v. Gonzalez, 781 F.3d 422, 430 (8th Cir. 2015)). In other words, Ms. Mohamed objects to the implicit finding that she did not make a substantial preliminary showing that the search-warrant affiant made knowing or reckless statements and/or omissions of material fact in the affidavit. Ms. Mohamed reiterates that her burden is not high and that she is not required to prove that she would prevail at a Franks hearing. Instead, Ms. Mohamed is only required to make an offer of proof by some quantum of evidence "less than a preponderance of the evidence," Franks v. Delaware, 438 U.S. 154, 156 (1978), which

3

she has done together with her co-defendants.  See ECF Document No. 188 at 8-25; ECF Document No. 194 at 16-32; ECF Document No. 208 at 1-2; ECF Document No. 214 at 6-22.

Dated: February 19, 2026

                      Respectfully submitted,

                      GRANGER & ASSOCIATES LLC

By: _____
Raymond R. Granger (*Pro Hac Vice*)
40 Fulton Street, 17th Floor
New York, New York 10038
(212) 732-7000
rgranger@grangerassociates.com
*Attorneys for Defendant Ikram Yusuf Mohamed*

4

## CERTIFICATION PURSUANT TO LOCAL RULES 72.2(c)(1) and(c) (2)

  I, Raymond R. Granger, hereby certify that this objection complies with the word-count limitations of Local Rule 72.2(c)(1) and the type-size limitations of Local Rule 72.2(c)(2). The word count is 692.

Dated: February 19, 2026

                          _____
                          Raymond R. Granger